**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| D.S., b/n/f George M. Stahl and | ) | |
| Debbie Lynn Stahl, GEORGE M. STAHL | ) | |
| and DEBBIE LYNN STAHL, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
|         v. | ) | CAUSE NO.: 2:11-CV-431-PRC |
| | ) | |
| EAST PORTER COUNTY SCHOOL | ) | |
| CORPORATION, PORTER TOWNSHIP | ) | |
| SCHOOL CORPORATION, MORGAN | ) | |
| TOWNSHIP MIDDLE/HIGH SCHOOL, | ) | |
| and BOONE GROVE MIDDLE SCHOOL, | ) | |
|     Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Summary Judgment [DE 19], filed on

January 31, 2013, by Boone Grove Middle School and Porter Township School Corporation (jointly

"Defendants"). For the reasons set forth below, the Court grants Defendants' Motion for Summary

Judgment.

**PROCEDURAL HISTORY**

On October 24, 2011, Plaintiffs D.S., Debbie Lynn Stahl ("Debbie"), and George M. Stahl

("George") filed a Complaint against Defendants East Porter County School Corporation, Morgan

Township Middle/High School, Boone Grove Middle School, and Porter Township School

Corporation in the Porter County, Indiana Superior Court. The allegations of the Complaint relevant

to the instant Motion for Summary Judgment are that, "[d]ue to the willful and deliberate behavior

of Boone Grove [Middle School] and Porter Township [School Corporation] in refusing to permit

her to enroll in an open-enrollment public school, [D.S.] has undergone pain, suffering, emotional

1

distress and interference in her access to public education, all in denial of her Civil and Constitutional Rights," and that, also as a result of the behavior of Boone Grove Middle School and Porter Township School Corporation, Debbie and George "have undergone pain, suffering, emotional distress and loss of reputation in their community. Compl. ¶ 20.

On November 22, 2011, Defendants filed a Notice of Removal, and the case was subsequently removed to this Court. Defendants Boone Grove Middle School and Porter Township School Corporation filed an Answer to Plaintiffs' Complaint on December 12, 2011, and Defendants East Porter County School Corporation and Morgan Township Middle/High School filed an Answer to the Complaint on December 13, 2011.

On January 31, 2013, Boone Grove Middle School and Porter Township School Corporation filed the instant Motion for Summary Judgment, a memorandum in support, and an appendix of exhibits. Plaintiffs did not file a response brief, and the time to do so has passed.[1]

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636.

**STANDARD OF REVIEW**

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a

---

[1] The Court notes that on February 11, 2013, Plaintiffs filed a response brief in opposition to the Motion for Summary Judgment filed by the other two Defendants in this case, East Porter County School Corporation and Morgan Township Middle/High School.

showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is appropriate–in fact, is mandated–where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotations omitted).

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323; Fed. R. Civ. P. 56(c). The moving party may discharge its initial responsibility by simply "'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. When the nonmoving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Celotex*, 477 U.S. at 323, 325; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chi.*, 916 F.2d 1254, 1256 (7th Cir. 1990). However, the moving party, if it chooses, may support its motion for summary judgment with affidavits or other materials, and, if the moving party has "produced sufficient evidence to support a conclusion that there are no genuine issues for trial," then the burden shifts to the nonmoving party to show that an issue of material fact exists. *Becker v. Tenenbaum-Hill*

*Assoc.*, 914 F.2d 107, 110-11 (7th Cir. 1990) (citations omitted); *see also Hong v. Children's Mem'l Hosp.*, 993 F.2d 1257, 1261 (7th Cir. 1993).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. *See* Fed. R. Civ. P. 56(e); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e)(2), (3); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Thus, to demonstrate a genuine issue of fact, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts," but must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis in original).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Anderson*, 477 U.S. at 255; *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009); *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Anderson*, 477 U.S. at 249-50.

**FACTUAL BACKGROUND**

Northern District of Indiana Local Rule 56-1 requires the moving party to file with the Court a "'Statement of Material Facts' that identifies the facts that the moving party contends are not genuinely disputed." N.D. Ind. L.R. 56-1(a). In response, the opposing party is obligated to file with the Court a "'Statement of Genuine Issues' that identifies the material facts that the party contends are genuinely disputed so as to make a trial necessary." N.D. Ind. L.R. 56-1(b)(2). "When a responding party's statement fails to dispute the facts set forth in the moving party's statement in the manner dictated by the rule, those facts are deemed admitted for purposes of the motion." *Cracco v. Vitran Express, Inc*., 559 F.3d 625, 632 (7th Cir. 2009) (addressing the equivalent local rule for the United States District Court for the Northern District of Illinois) (citing *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003)); *see also Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994) (noting that the Seventh Circuit has routinely sustained "the entry of summary judgment when the non-movant has failed to submit a factual statement in the form called for by the pertinent rule and thereby conceded the movant's version of the facts"). Because Plaintiffs failed to respond to Defendants' Motion for Summary Judgment, the following facts are taken from Defendants' Statement of Material Facts and the admissible evidence offered in support thereof.

The issues before the Court on this Motion for Summary Judgment arise out of Debbie and George Stahl's attempt to transfer their daughter, D.S., to Boone Grove Middle School after she experienced alleged bullying incidents at Morgan Township Middle/High School, the school in whose district she resided. On February 10, 2011, George contacted Boone Grove Middle School to inquire as to whether he could enroll his daughter, who resided out of district, in the school to complete her eighth-grade year. The following day, Plaintiffs arrived at Boone Grove to take a tour

of the school with the principal. That day, George informed the principal that he and Debbie were banned from Morgan Township, and the principal stated that he did not know how that would affect D.S.'s transfer, noting that the superintendents of each district talk two to three times a day. It was Plaintiffs' understanding after the meeting that tuition would have to be paid and that the principal would get back to them after speaking with the superintendent. Shortly thereafter, George was informed that D.S. was not permitted to enroll at Boone Grove Middle School because the school decided to close enrollment. In his deposition, George testified that, the following Monday, he asked a neighbor to go with him to the school as a witness and asked the neighbor to attempt to enroll his daughter. He testified that the neighbor was told that enrollment was open.

George believed that other students were admitted to the eighth grade at Boone Grove Middle School after February 2011, but he testified that he does not know whether those students resided in the Porter Township School District. George testified that D.S. was not enrolled at Boone Grove Middle School because of "administrative bullying" on the basis that he believes that the superintendents of the two school districts were friends.

## ANALYSIS

### A. Federal Claim

D.S. appears to bring a constitutional claim under 42 U.S.C. § 1983 against these Defendants. A cause of action may be brought under § 1983 against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must show that she "was deprived of a

right secured by the Constitution or federal law, by a person acting under color of law." *Thurman v. Vill. of Homewood*, 446 F.3d 682, 687 (7th Cir. 2006).

D.S.'s § 1983 claim against Boone Grove Middle School and Porter Township School Corporation is governed by the municipal liability standards set forth in *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978). "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government is responsible under § 1983." *Id.* at 694. Therefore, to establish the liability of a municipality for a constitutional deprivation, a plaintiff must demonstrate:

> (1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority.

*Teesdale v. City of Chicago*, 690 F.3d 829, 834 (7th Cir. 2012) (quoting *Estate of Sims v. Cnty. of Bureau*, 506 F.3d 509, 515 (7th Cir. 2007) (quoting *Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007)). "In cases asserting an implicit policy or a gap in express policy, 'what is needed is evidence that there is a true municipal policy at issue, not a random event.'" *Estate of Sims*, 506 F.3d at (quoting *Phelan v. Cook County*, 463 F.3d 773, 790 (7th Cir. 2006) (citation omitted)).

In the present case, no admissible evidence has been offered from which a factfinder could conclude that D.S. satisfies any of the requirements set forth in *Monell*. There is no express policy in place or widespread practice that would give rise to a constitutional violation. Furthermore, there has been no allegation made, much less evidence offered, to raise a genuine issue of material fact that a constitutional injury was caused by a person with final policymaking authority. Consequently,

D.S.'s § 1983 claim against Defendants fails, and the Court grants summary judgment in favor of Defendants on D.S.'s federal constitutional claims.

Nevertheless, in the interest of thoroughness, the Court analyzes the merits of D.S.'s constitutional claim. Although it is difficult to ascertain the precise nature of her claim because she did not respond to this motion for summary judgment, it appears that she may be alleging that Defendants treated her differently than others by denying her enrollment to Boone Grove Middle School and subsequently informing a neighbor that enrollment remained open. "The Equal Protection Clause grants to all Americans 'the right to be free from invidious discrimination in statutory classifications and other governmental activity.'" *Nabozny v. Podlesny*, 92 F.3d 446, 453 (7th Cir. 1996) (quoting *Harris v. McRae*, 448 U.S. 297, 322 (1980)); *see also* U.S. Const. Amend. XIV, § 1. A mere showing of negligence is insufficient to establish the requisite discrimination for an equal protection violation. *See id.* at 454. Rather, a plaintiff alleging a violation of her right to equal protection under the law must show that "the defendants acted either intentionally or with deliberate indifference," in other words, with a "nefarious discriminatory purpose." *Id.* at 453, 454.

Traditionally, the Equal Protection Clause is understood to protect members of vulnerable groups from unequal treatment by the state. *See LaBella Winnetka, Inc. v. Vill. of Winnetka*, 628 F.3d 937, 941 (7th Cir. 2010) (citing *Bell v. Duperrault*, 367 F.3d 703, 707 (7th Cir. 2004)). D.S. does not allege that she is a member of a protected class. Rather, it appears that she may be contending that the facts of this case support a "class of one" equal protection claim. The United States Supreme Court has held that the Equal Protection Clause "proscribes state action that irrationally singles out and targets an individual for discriminatory treatment as a so-called 'class-of-one.'" *Id.* (quoting *Reget v. City of La Crosse*, 595 F.3d 691, 695 (7th Cir. 2010); citing *Vill. of*

*Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)); *see also United States v. Moore*, 543 F.3d 891, 896 (7th Cir. 2008) (asserting that the class-of-one "is not a garden-variety equal protection challenge" because "such challenges are 'typically . . . concerned with governmental classifications that affect some groups of citizens differently from others.'").

To establish a successful class-of-one equal protection claim, a plaintiff must show that she was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Olech*, 528 at 564. "To be considered 'similarly situated,' the class-of-one challenger and [her] comparators must be '*prima facie* identical in all relevant respects or directly comparable . . . in all material respects.'" *Moore*, 543 F.3d at 896 (quoting *Racine Charter One, Inc. v. Racine Unified Sch. Dist.*, 424 F.3d 677, 680 (7th Cir. 2005)); *see also Reget*, 959 F.3d at 695. Generally, whether individuals are similarly situated is a question of fact for the jury to decide; however, "a court may properly grant summary judgment where it is clear that no reasonable jury could find that the similarly situated requirement has been met." *McDonald v. Vill. of Winnetka*, 371 F.3d 992, 1002 (7th Cir. 2004) (citing *Harlen Assoc. v. Vill. of Mineola*, 237 F.3d 494, 499 n. 2 (2d Cir. 2001)).

In this case, summary judgment is appropriate because D.S. has failed to identify *any* similarly situated individual whom Defendants treated differently with regard to her desired enrollment in Boone Grove Middle School. In fact, George testified that he did not know of any out-of-district students who were admitted to Boone Grove Middle School after D.S.'s transfer application was rejected. The similarly situated prong of an equal protection claim requires a comparator that is identical in all relevant aspects. Here, one of the most relevant comparative traits is absent–an individual who resides outside the Porter Township School Corporation and who was

admitted to Boone Grove Middle School after D.S. unsuccessfully attempted to enroll. Consequently, D.S. cannot withstand Defendants' Motion for Summary Judgment as to her equal protection claim, and the Court grants summary judgment in favor of Defendants on D.S.'s federal constitutional claims on this additional basis.

## B. State Law Claims

The Court has now granted summary judgment in favor of Defendants on Plaintiffs' only federal claim, and the parties are not diverse; therefore, the Court has dismissed all claims over which it has original jurisdiction. When a district court has only supplemental jurisdiction over remaining state claims, it may decline to exercise its jurisdiction over those claims if it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[T]he presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims" when the federal claims are dismissed before trial. *Al's Serv. Ctr. v. BP Products N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010) (citing 28 U.S.C. § 1367(c)(3)). A district court should exercise its discretion to relinquish jurisdiction over supplemental state law claims remaining after the dismissal of federal claims subject to three exceptions: "when the [refiling] of the state claims is barred by the statute of limitations; where substantial judicial resources have already been expended on the state claims; and when it is clearly apparent how the state claim is to be decided." *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007); *see also Dargis v. Sheahan*, 526 F.3d 981, 990 (7th Cir. 2008). For the reasons set forth below, the outcome of the state law claims is "clearly apparent;" thus, the Court, in its discretion, retains jurisdiction of the state law claims.

*1.     Indiana Statutory Claim*

Indiana public schools are required to provide tuition-free education to children that reside within the territorial boundaries of the respective school corporations. *See Carter v. Indiana*, 177 N.E. 449, 450 (Ind. 1931). However, at all times relevant in this case, school corporations were generally afforded discretion in deciding whether to educate students that reside in territories other than that of the school corporation. *See id.* at 451. Regarding transfer attempts, the Indiana Code provides, in part:

> The parents of any student, regardless of the student's age, or the student after the student has become eighteen (18) years of age may request a transfer from a school corporation in which the student has a legal settlement to a transferee school corporation in Indiana or another state if the student may be better accommodated in the public schools of the transferee corporation. Whether the student can be better accommodated depends on such matters as:
> (1) crowded conditions of the transferee or transferor corporation; and
> (2) curriculum offerings at the high school level that are important to the vocational or academic aspirations of the student.

Ind. Code § 20-26-11-5. Additionally, the Indiana Administrative Code contains a regulation further providing ways in which a student may satisfy the better accommodated requirement for purposes of § 20-26-11-5. Specifically, the regulation provides that a student will be considered better accommodated at the transferee school if she establishes one of the following: (1) a curriculum offering necessary to the student's aspirations is unavailable at the transferor school and available at the transferee school; (2) the student is capable of earning an academic honors diploma, and the transferor school does not offer the required academic honors diploma courses, while the transferee school does; (3) "overcrowding at the transferor materially affects the student's opportunity to learn" and "conditions at the transferee would be significantly less crowded"; (4) attendance by the student

11

at the transferor entails the risk of physical illness;" and "in the opinion, as supported by written documentation, of two . . . persons holding unlimited licenses to practice medicine in Indiana who have examined the student, attendance at the transferee would substantially reduce this risk"; (5) the transferor school is not fully accredited, and "the student's request is related to the reason that the school has been accorded probationary accreditation status." 511 Ind. Admin. Code 1-6-3.

In the present case, any statutory claim D.S. may be bringing must fail. First, there is no evidence that Plaintiffs followed the requisite transfer application procedure, as Plaintiffs attempted to transfer D.S. to Boone Grove Middle School in the middle of the school year, rather than filing the paperwork prior to the commencement of the school year. *See* 511 Ind. Admin. Code 1-6-2 ("Requests for transfers under IC 20-26-11-5 shall be made, in writing, to the transferor by April 1 preceding the first day of school at the transferor in the school year for which transfer is requested."). Second, Plaintiffs have brought forth no evidence indicating that D.S. would have been better accommodated at Boone Grove Middle School, as opposed to Morgan Township Middle/High School. Although D.S. has alleged that she experienced bullying at Morgan Township Middle/High School, incidents of bullying do not fall within any of the five situations that mandate a finding that the student would be better accommodated at the transferee school as a matter of law. D.S. has not responded to the Motion for Summary Judgment and, thus, has offered no argument in support of a statutory claim. The Court grants summary judgment in favor of Defendants on this claim.

2.    *Intentional Infliction of Emotional Distress*

The tort of intentional infliction of emotional distress ("IIED") arises when an individual "by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to

another . . . ." *Cullison v. Medley*, 570 N.E.2d 27, 31 (Ind. 1991) (quoting Restatement (Second) of Torts § 46 (1965)).  "It is the intent to harm the plaintiff emotionally which constitutes the basis for the tort."  *Johnson ex rel. Ind.Dep't of Child Servs. v. Marion Cnty. Coroner's Office*, 971 N.E.2d 151, 162 (Ind. Ct. App. 2012) (citing *Cullison*, 570 N.E.2d at 31).  The tort of intentional infliction of emotional distress occurs when the defendant (1) engages in extreme and outrageous conduct (2) which intentionally or recklessly (3) causes (4) severe emotional distress to another. *Id.* (citing *Cullison*, 570 N.E.2d at 31). The requirements to prove this tort are rigorous.  *Id.* (citing *Cullison*, 570 N.E.2d at 31).  Neither D.S. nor Debbie and George have provided *any* evidence that Defendants' conduct was so outrageous in character or extreme in degree to satisfy the high threshold for IIED.  Therefore, Defendants are entitled to summary judgment as to Plaintiffs' IIED claim.

3.      *Defamation or False Light Invasion of Privacy*

To the extent Debbie and George may be alleging claims of defamation or false light invasion of privacy by their allegation in the Complaint that they have "undergone . . . loss of reputation in their community," Compl. ¶ 20, both claims must fail.  Debbie and George have not offered any evidence of a false statement made by Defendants or that any such false statement was published, both of which are necessary elements of a claim of either defamation or false light invasion of privacy.  *See In re Ind. Newspapers, Inc. v. Junior Achievement of Cent. Ind., Inc.*, 963 N.E.2d 534, 549 (Ind. Ct. App. 2012) (defamation); *St. John v. Town of Elletsville*, 46 F. Supp.2d 834, 850-51 (S.D. Ind. 1999) ("false light" invasion of privacy) (citing *Furno v. Citizens Ins. Co. of Am.*, 590 N.E.2d 1137, 1141 (Ind. Ct. App. 1992); *Near East Side Cmty. Org. v. Hair*, 555 N.E.2d

1324, 1335 (Ind. Ct. App. 1990)).  Thus, summary judgment in favor of Defendants on any claim by Debbie and George for state law defamation and false light invasion of privacy claims is granted.

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Defendants' Motions for Summary Judgment [DE 19].  The Court **DIRECTS** the Clerk of Court to enter judgment in favor of Defendants Boone Grove Middle School and Porter Township School Corporation and to enter judgment against Plaintiffs D.S., Debbie Stahl, and George Stahl.

SO ORDERED this 29th day of April, 2013.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT


cc:    All counsel of record