# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

| | | |
|---|---|---|
| D.S. b/n/f George M. Stahl & | ) | |
| Debbie Lynn Stahl, GEORGE M. STAHL, | ) | |
| and DEBBIE LYNN STAHL, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:11-CV-431-PRC |
| | ) | |
| EAST PORTER COUNTY SCHOOL | ) | |
| CORPORATION, PORTER TOWNSHIP | ) | |
| SCHOOL CORPORATION, | ) | |
| MORGAN TOWNSHIP MIDDLE/HIGH | ) | |
| SCHOOL, and BOONE GROVE | ) | |
| MIDDLE SCHOOL, | ) | |
|     Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on Porter Township School Corporation and Boone Grove

Middle School's Motion for Attorney Fees [DE 43], filed on May 29, 2013, by Defendants Porter

Township School Corporation and Boone Grove Middle School (collectively, the "Porter Township

Defendants"). Defendants seek an award of attorney's fees under Indiana Code § 34-50-1-2 and 42

U.S.C. § 1988.

## BACKGROUND

On October 24, 2011, Plaintiffs, by counsel Mitchell A. Peters, filed a Complaint in the

Porter County, Indiana, Superior Court against the Porter Township Defendants and Defendants East

Porter County School Corporation and Morgan Township Middle/High School ("East Porter County

Defendants"). As to the Porter Township Defendants, the relevant allegations of the Complaint were

that, "[d]ue to the willful and deliberate behavior of [the Porter Township Defendants] in refusing

to permit her to enroll in an open-enrollment public school, [D.S.] has undergone pain, suffering,

emotional distress and interference in her access to public education, all in denial of her Civil and

Constitutional Rights," and that, also as a result of the behavior of the Porter Township Defendants, Debbie and George Stahl "have undergone pain, suffering, emotional distress and loss of reputation in their community." Compl. ¶ 20.

On November 22, 2011, the Porter Township Defendants filed a Notice of Removal, alleging federal question jurisdiction under 28 U.S.C. § 1331 based on Plaintiffs' asserted violations of D.S.'s "Civil and Constitutional Rights," and the case was removed to this Court. The Porter Township Defendants filed an Answer on December 12, 2011.

On September 14, 2012, counsel for the Porter Township Defendants sent correspondence to counsel for Plaintiffs, advising that the asserted claims were not actionable and asking for a conference to resolve the claims. Receiving no response, defense counsel sent a qualified settlement offer in the amount of $1,500 pursuant to the provisions of Indiana Code § 34-50-1-1, *et seq.*

On October 17, 2012, the depositions of George M. Stahl and Debbie Lynn Stahl were taken, and on October 29, 2012, the deposition of D.S. was taken. On October 31, 2013, counsel for the Porter Township Defendants discussed the merits of the case with Plaintiffs' counsel, providing case law that a claim can become frivolous in the course of discovery.

On January 31, 2013, the Porter Township Defendants and the East Porter County Defendants each filed a Motion for Summary Judgment. On February 8, 2013, Attorney Kevin Vanderground entered his appearance on behalf of Plaintiffs, and, the same date, Plaintiffs filed a motion to extend the time to respond to summary judgment. The Porter Township Defendants filed an objection on February 8, 2013. Plaintiffs did not file a reply in support of their motion. Nevertheless, on February 11, 2013, the Court, in the interest of justice, granted Plaintiffs' motion, extending the response deadline to March 28, 2013. Before the Court's Order was docketed,

Plaintiffs filed a response to summary judgment that same date, linking the brief on the electronic filing system to the East Porter County Defendants' Motion for Summary Judgment only. Plaintiffs did not file a response to the Porter Township Defendants' Motion for Summary Judgment.

Because the Court had granted Plaintiffs' motion for an extension of time, the Court withheld ruling on the Motion for Summary Judgment until the March 28, 2013 response deadline passed. On April 30, 2013, the Court granted both motions for summary judgment, and judgment was entered in favor of all Defendants.

On April 29, 2013, Attorney Vanderground filed a motion to withdraw his appearance on behalf of Plaintiffs. On April 30, 2013, Attorney Peters filed a motion to withdraw his appearance on behalf of Plaintiffs, and the Court granted both motions that day. After the summary judgment ruling was issued, counsel for the Porter Township Defendants contacted Plaintiffs, who were proceeding pro se at that time, to resolve the issue of attorney's fees due and owing. On May 28, 2013, Attorney Jason Bach entered his appearance on behalf of Plaintiffs.

On May 28, 2013, Plaintiffs filed a Motion for Relief from Final Judgment Pursuant to FRCP 60(b). The Porter Township Defendants filed a response on May 30, 2013, and Plaintiffs filed a reply on June 6, 2013.

On May 29, 2013, the Porter Township Defendants filed the instant Motion for Attorney Fees. Plaintiffs filed a response in opposition on June 11, 2013, and the Porter Township Defendants filed a reply on June 12, 2013.

On October 17, 2013, the Court denied Plaintiffs' Motion for Relief from Final Judgment.

**ANALYSIS**

The Porter Township Defendants request an award of attorney's fees under Indiana Code § 34-50-1-6 based on the qualified settlement offer sent in September 2012 as well as pursuant to 42 U.S.C. § 1988. The Court considers each in turn.

*1. 42 U.S.C. § 1988*

Although the request for attorney's fees pursuant § 1988 is untimely, the Court finds that the late filing was the result of excusable neglect and that an award of attorney's fees in a reduced amount is warranted. Federal Rule of Civil Procedure 54(d)(2) governs the timing for filing a request for attorney's fees, including § 1988 fees, following judgment:

> (A) Claim to Be by Motion. A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.
>
> (B) Timing and Contents of the Motion. *Unless a statute or a court order provides otherwise*, the motion must:
>
> > (i) *be filed no later than 14 days after the entry of judgment*;
> >
> > (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
> >
> > (iii) state the amount sought or provide a fair estimate of it; and
> >
> > (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

Fed. R. Civ. P. 54(d)(2) (emphasis added).

The Seventh Circuit Court of Appeals has held:

> When attorney's fees are taxed as costs, which is the usual way in which a prevailing party obtains such fees, see, e.g., 42 U.S.C. § 1988, the deadline for seeking them is 14 days, Fed.R.Civ.P. 54(d)(2)(B), unless this time is extended by an order (including, we have held, a standing order, or rule) of the district court.

4

*S.A. Healy Co. v. Milwaukee Metro. Sewerage Dist.*, 60 F.3d 305, 308 (7th Cir. 1995) (citing

*Johnson v. Lafayette Fire Fighters Ass'n*, 51 F.3d 726 (7th Cir. 1995)). This Court did not issue an

order extending the 14-day deadline, and the Local Rules for the Northern District of Indiana do not

extend the 14-day deadline. The only Local Rule related to Federal Rule 54 is Local Rule 54-1

regarding "costs," which provides:

> **(a)** **Process.** To recover costs, a party must file and serve a completed AO Form
> 133 (available from the clerk or the court's website) within 14 days after
> final judgment is entered.
>
> **(b)** **Extensions.** The court may extend the 14-day deadline for good cause if,
> before the original deadline, the party files a motion requesting an extension.

N.D. Ind. L.R. 54-1 (effective Jan. 1, 2012). No such motion was filed.[1]

The instant motion for attorney's fees, pursuant to 42 U.S.C. § 1988, was filed on May 29,

2013, twenty-nine days after the entry of judgment on April 30, 2013. *See Robinson v. City of

Harvey, Ill.*, 617 F.3d 915, 918 (7th Cir. 2010) (affirming the denial of a motion for § 1988

attorney's fees because it was filed more than the 91 days allowed for such motions under Northern

District of Illinois Local Rule 54.3(b)). However, the Court finds that the failure to act was the result

of excusable neglect under Federal Rule of Civil Procedure 6(b). *See Crue v. Aiken*, 370 F.3d 668,

---

[1] The history of Northern District of Indiana Local Rule 54-1 further demonstrates that Federal Rule 54(d)(2)(B)'s 14-day deadline applies to a motion for § 1988 attorney's fees in this District. First, the 1995 amendment to the rule reduced the time to file a request for attorney's fees from 90 days (set in 1987) to 14 days "to conform with Fed. R. Civ. P. 54(d)(2)(B)." *See* www.innd.uscourts.gov/docs/localrules/Compilation%20of%20Local%20Rules.pdf (N.D. Ind. L.R. 54.1 (2009)). The Committee Comments to the rule's 2000 amendment reiterate that the rule addresses both taxation of costs and the assessment of attorney's fees. *Id*. The 2009 version of the rule was titled "Taxation of Costs and Attorneys Fees" and provided, in relevant part: "Except as otherwise provided by statute, rule, or court order, a party shall have fourteen (14) days from the entry of a final judgment to file and serve a request for the taxation of costs and for assessment of attorney fees." *Id*. With the restyling of the Local Rules effective January 1, 2012, the rule's title dropped the reference to "attorneys fees," and the rule took the form set forth above as Local Rule 54-1. The "Guiding Principles" governing the restyling of the Local Rules provides both that "the substance of the rules should not change" and that "each rule should be only as long as is necessary to clearly convey the substance of the rule."

680-81 (7th Cir. 2004) (holding that the time to file an attorney's fees request under Federal Rule 54 is subject to Federal Rule 6(b)). "In determining whether a late filing is the result of excusable neglect, the district court looks to whether there will be prejudice to the opposing party, the effect on the judicial proceedings, the reason for the delay, and whether the movant acted in good faith." *Id.* (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993)).

First, Indiana Code § 34-50-1-6, the other provision under which attorney's fees are sought in this motion, requires that the motion be filed within 30 days of entry of judgment. Ind. Code § 34-50-1-6(c). Second, the Porter Township Defendants acted in good faith as they attempted to resolve the attorney's fees issue informally with Plaintiffs by correspondence dated May 14, 2013. That correspondence explained that, if Plaintiffs did not tender the $1000 requested in attorney's fees under § 34-50-1-6 by May 22, 2013, counsel had been instructed to file a motion for fees with the court based on both § 34-50-1-6 and § 1988. The judicial proceedings are not adversely affected because Plaintiffs themselves filed a post-judgment Motion for Relief from Final Judgment on May 28, 2013, and because the instant motion does not affect Plaintiffs' ability to file an appeal. *See Patzer v. Bd. of Regents of Univ. of Wis. Sys.*, 763 F.2d 851, 859 (7th Cir. 1984). Finally, Plaintiffs are prejudiced to the extent that the Court finds them liable for attorney's fees under § 1988. However, the prejudice to Plaintiffs is outweighed by the prejudice to the Porter Township Defendants in having to continue to defend against Plaintiffs' § 1983 claim once it was clear that the claim had become groundless.

42 U.S.C. § 1988 provides that "[i]n any action or proceeding to enforce . . . [42 U.S.C. §1983] . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." While "prevailing plaintiffs receive attorney's fees as a matter of course," *Khan*

*v. Galitano*, 180 F.3d 829, 837 (7th Cir. 1999), prevailing defendants may be awarded attorney's fees only upon a finding that the plaintiff's claim is "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so," *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978). Although § 1988 gives courts discretion when deciding whether to award attorney's fees, "[a]ny defendant who seeks fees under § 1988 for the cost of defense in the district court has a tough row to hoe." *Redwood v. Dobson*, 476 F.3d 462, 470 (7th Cir. 2007); *see also Roger Whitmore's Auto. Servs., Inc. v. Lake County, Ill.*, 424 F.3d 659, 675 (7th Cir. 2005). The Seventh Circuit Court of Appeals has cautioned that "[t]here is a significant difference between making a weak argument with little chance of success . . . and making a frivolous argument with no chance of success." *Khan*, 180 F.3d at 837. A suit is frivolous only when "it has no reasonable basis, whether in fact or in law." *Roger Whitmore's Auto. Servs.*, 424 F.3d at 675 (citation and internal quotation marks omitted).

Plaintiffs' federal constitutional claims against the Porter Township Defendants were not frivolous from the outset. The Complaint alleged that, "[d]ue to the willful and deliberate behavior of [the Porter Township Defendants] in refusing to permit her to enroll in an open-enrollment public school, [D.S.] has undergone pain, suffering, emotional distress and interference in her access to public education, all in denial of her Civil and Constitutional Rights." Compl. ¶ 20. Moreover, it appears that, from the facts submitted by the Porter Township Defendants in support of summary judgment, Plaintiffs believed, based on George Stahl's (D.S.'s father) experiences during his attempt to enroll D.S. at Boone Grove Middle School, that D.S. was denied enrollment when enrollment was still open to others. Just because Plaintiffs did not respond to summary judgment and, thus, did not bring forth facts in support of the claim does not render the claim frivolous *ab initio*. *See Leffler v.*

*Meet*, 936 F.2d 981, 986 (7th Cir. 1991) ("Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." (citation and internal quotation marks omitted)).

However, this position became legally untenable following George Stahl's deposition. Because D.S. did not have any direct evidence that the Porter Township Defendants had intentionally or with deliberate indifference treated her differently in violation of the equal protection clause, *see Nabozny v. Podlesny*, 92 F.3d 446, 453, 454, in order to maintain a claim based on a "class of one," she needed to be able to show that she was irrationally singled out and targeted for discriminatory treatment, *see LaBella Winnetka, Inc. v. Vill. of Winnetka*, 628 F.3d 937, 941 (7th Cir. 2010). George Stahl's deposition testimony was that he did not know of any out-of-district students, like D.S., who were admitted to Boone Grove Middle School after D.S.'s transfer application was rejected. In addition to successfully arguing in their summary judgment motion that there was no *Monell* liability, the Porter Township Defendants also relied on George Stahl's deposition testimony to show that no reasonable jury could find that they departed from a norm or common practice in their treatment of D.S. because no comparator, identical to D.S. in all relevant respects, had been identified as having been treated more favorably. Plaintiffs did not respond to summary judgment, and, in responding to the instant motion, Plaintiffs have not identified any evidence of record to show that they had any factual basis to continue with the federal claim after George Stahl's deposition.

On October 31, 2012, following all three Plaintiffs' depositions, counsel for the Porter Township Defendants discussed the merits of the case with Plaintiffs' counsel, indicating that a claim can become frivolous in the course of discovery and emailing counsel case law in support. In

their response brief, Plaintiffs offer no explanation for why they believe the claim was not untenable from that point forward. Thus, § 1988 attorney's fees are warranted on the federal claims following the October 31, 2012 conversation between counsel to the present, including the costs incurred in responding to Plaintiffs' Motion for Relief from Judgment.[2]

For purposes of an attorney's fee award under § 1988, reasonable attorney's fees are calculated by the lodestar method, which multiplies the hours reasonably expended by the hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Johnson v. GDF, Inc.*, 668 F.3d 927, 929-30 (7th Cir. 2012). A court may then adjust the lodestar calculation either up or down depending on several factors, such as the degree of success, the novelty and difficulty of the issues, and awards in similar cases. The Porter Township Defendants submitted an Affidavit of Attorney's Fees and supporting documentation with the instant motion. The hourly rate charged in this case was $150. The Affidavit and supporting documents identify 56.4 hours of attorney time billed between September 26, 2012, and April 30, 2013, of which 51.0 hours were paid pursuant to the law firm's agreement with the Porter Township Defendants' insurer. Plaintiffs have not objected to the listed fees or the hourly rate.

First, the Court finds that the hourly rate of $150 for the work of partners at a law firm in Northwest Indiana is reasonable. Because the fees are being awarded only for the time after the October 31, 2012 conversation for work on the federal § 1983 claims, the Court must recalculate the

---

[2] Although § 1988 does not expressly authorize prevailing defendants to recover attorney's fees incurred defending against state law claims, the Seventh Circuit Court of Appeals has stated that such a recovery may be appropriate when the state law claims are brought concurrently with a § 1983 claim and arise out of the same facts. *See Munson v. Milwaukee Bd. of School Dirs.*, 969 F.2d 266, 272 (7th Cir. 1992) ("When . . . federal and pendent claims are factually or legally related, they should be treated as one action for purposes of § 1988 fee awards."). However, the Porter Township Defendants' motion does not seek fees under § 1988 for defending against the pendent state law claims. Also, the facts the Porter Township Defendants advance in this motion to show that the claim was not tenable following the depositions relate to the § 1983 claims.

lodestar based on those parameters. The supporting documentation shows 40 total hours billed from November 11, 2012, through April 30, 2013. The Court divides this total hours in half to account for the work undertaken on defending the § 1983 claim as opposed to the state law claims, for a total of 20 hours. The Court further grants the request for attorney's fees incurred in responding to Plaintiffs' Motion for Relief from Judgment filed on May 28, 2013. The Court orders the Porter Township Defendants to file a Supplemental Affidavit with supporting documentation itemizing the time spent in drafting that response. The Court will then divide that time in half, add it to the 20 hours, multiply the total hours by the hourly rate of $150, and issue a final order awarding attorney's fees to the Porter Township Defendants in that amount.

## B. Qualified Settlement Offer–Indiana Code § 34-50-1-1

The Porter Township Defendants also seek attorney's fees under Indiana Code § 34-50-1-6 based on the qualified settlement offer made on September 26, 2012, Plaintiff's failure to accept the offer, and this Court's April 20, 2013 summary judgment ruling in favor of the Porter Township Defendants. Plaintiffs do not address this request in their response brief.

*1.   Timeliness*

As an initial matter, the Court addresses whether the request for attorney's fees under Indiana Code § 34-50-1-6 is governed by the 14-day filing deadline of Federal Rule 54(d)(2) and, if not, whether the motion was timely filed.

First, § 34-50-1-6 is not governed by Federal Rule 54(d)(2) because its federal counterpart, Federal Rule of Civil Procedure 68, has been held by the Seventh Circuit Court of Appeals as not subject to Rule 54. *See S.A. Healy*, 60 F.3d at 308-309. In *S.A. Healy*, the Seventh Circuit held that a similar Wisconsin statute, Wis. Stat. §§ 807.01(3), (4), which allows a prevailing plaintiff whose

settlement demand is rejected to recover twice his taxable costs plus interest at the rate of 12 percent from the date of the demand, was not governed by Rule 54(d)(2) or Rule 59(e). *Id.*

The Seventh Circuit found that the request for costs and post-settlement demand interest provided for in the Wisconsin statute are not Rule 54(d) costs but rather constitute "sanctions" for turning down a reasonable settlement demand; the costs and interest allowed for in the Wisconsin statute are simply the "measuring rods" of those sanctions. *Id.* at 308. The court went on to find that the proper analogy for this sanction, issued in the form of "costs" and "interest," is a request for attorney's fees because both are a "proceeding deemed collateral . . . to the case on the merits." *S.A. Healy*, 60 F.3d at 308.[3]

In this context, the Seventh Circuit recognized that a motion for attorney's fees under § 1988 is subject to the 14-day deadline of Rule 54(d)(2)(B), absent an order, standing order, or rule to the contrary and noted that the United States District Court for the Eastern District of Wisconsin at that time had enlarged the 14-day deadline to 90 days by local rule. *Id.* Nevertheless, the Seventh Circuit found that, although the motion for costs and interest under the Wisconsin statute was *analogous* to a motion for attorney's fees, it was not in fact a motion for attorney's fees, and thus neither the 14-day deadline in Rule 54(d)(2)(B) nor the 90-day deadline in Eastern District of Wisconsin Local Rule 9.04 was applicable. *Id.* at 309. Rather, the Seventh Circuit held that a "local rule prescribing a deadline for Rule 54(d) motions is not *automatically* applicable to a motion for costs under [Federal Rule of Civil Procedure 68, the federal counterpart to Wis. Stat. §§ 807.01(3), (4),] or a motion for double costs under the Wisconsin statute." *Id.* at 309 (citing *Lentomyynti Oy v. Medivac,*

---

[3] Because one of the "sanctions" at issue in *S.A. Healy* was post-offer interest, the court also considered whether the motion was subject to the filing deadline of Federal Rule of Civil Procedure 59(e) (10 days at the time; now 28 days), and found that it was not applicable. *S.A. Healy Co. v. Milwaukee Metro. Sewerage Dist.*, 60 F.3d 305, 308 (7th Cir. 1995).

*Inc.*, 997 F.2d 364, 366-68 (7th Cir. 1993)). The court reasoned that, because the "federal rules do not provide deadlines for Rule 68 motions, let alone for motions under counterpart state statutes, district courts are free to fix deadlines for these motions in their local rules." *Id*. The Local Rules for the Northern District of Indiana do not set a deadline for the filing of Rule 68 motions.

Therefore, despite the term "attorney's fees," an award of attorney's fees under Indiana Code § 34-50-1-6, like the request for costs and post-settlement demand interest under the Wisconsin statute in *S.A. Healy*, is not in fact an award of attorney's fees for the overall litigation of the case (such as § 1988 fees) that would be subject to the time limit of Federal Rule 54(d)(2), but rather is a "sanction" imposed for turning down a reasonable settlement demand or settlement offer. First, the provision for an award of attorney's fees under Indiana Code § 34-50-1-6 also allows for an award of costs and expenses. *See* Ind. Code § 34-50-1-6(a)(2) ("attorney's fees, costs, and expenses"). Second, the calculation of the award does not seek three separate amounts but rather is the combination of the attorney's fees, costs, and expenses; the award is only for the time period "after the date of the qualified settlement offer;" and the total of the combined award must not exceed $1,000. *Id*. § 34-50-1-6(b). Thus, like in *S.A. Healy*, the instant request for attorney's fees under § 34-50-1-6, as with its counterpart Federal Rule 68, is not governed by the 14-day limit of Rule 54(d)(2)(B). Notably, no Northern District of Indiana Local Rule explicitly governs the time to file a motion under Rule 68.

Finally, the Court notes that the Indiana statute itself provides a deadline for the filing of a motion of thirty days after the entry of judgment. *See* Ind. Code § 34-50-1-6(c). The instant motion was filed twenty-nine days after the entry of judgment. Thus, *if* the thirty-day deadline set out in Indiana Code § 34-50-1-6(c) is applicable in this federal court exercising supplemental jurisdiction

over the state-law claims subject to § 34-50-1-1, *et seq.* (which the court need not decide), the motion was timely under the Indiana statute.

2.      *Applicability of § 34-50-1-6 in this Federal Action*

In a tort action, Indiana Code § 34-50-1-6 provides for an award of attorney's fees, not to exceed $1,000, when a plaintiff rejects a qualified settlement offer made by a defendant in accordance with the requirements of Indiana Code §§ 34-50-1-3 and 34-50-1-4 and the final judgment is less favorable to the plaintiff than the terms of the offer.[4] The "qualified settlement offer may be made at any time after a complaint has been filed in a civil action, but may not be made less than thirty (30) days before a trial of the action." Ind. Code § 34-50-1-2. The provision allowing for an award of attorney's fees and costs provides, in relevant part:

> (a) If:
> > (1) a recipient does not accept a qualified settlement offer; and
> > (2) *the final judgment is less favorable to the recipient than the terms of the qualified settlement offer*;
> the court shall award attorney's fees, costs, and expenses to the offeror upon the offeror's motion.
>
> (b) An award of attorney's fees, costs, and expenses under this section must consist of attorney's fees at a rate of not more than one hundred dollars ($100) per hour and other costs and expenses incurred by the offeror after the date of the qualified settlement offer. However, the award of attorney's fees, costs, and expenses may not total more than one thousand dollars ($1,000).
>
> (c) A motion for an award of attorney's fees, costs, and expenses under this section must be filed not more than thirty (30) days after entry of judgment. The motion must be accompanied by an affidavit of the offeror or the offeror's attorney establishing

---

[4] The statute applies only to a tort action. *See* Ind. Code § 34-50-1-1(a). Although Plaintiffs' Complaint did not specifically identify the legal bases for their claims, the plain language of the Complaint sounds in tort: "Due to the willful and deliberate behavior of [the Porter Township Defendants] in refusing to permit her to enroll in an open-enrollment public school, [D.S.] has undergone pain, suffering, emotional distress and interference in her access to public education, all in denial of her Civil and Constitutional Rights, and George and Debbie have undergone pain, suffering, emotional distress and loss of reputation in their community." Compl. ¶ 20. In ruling on summary judgment, the Court granted summary judgment in favor of Defendants on state law claims of intentional infliction of emotional distress and defamation or false light invasion of privacy.

the amount of the attorney's fees and other costs and expenses incurred by the offeror after the date of the qualified settlement offer. The affidavit constitutes prima facie proof of the reasonableness of the amount.

Ind. Code § 34-50-1-6 (emphasis added).

The Court addresses the threshold question of whether Indiana Code § 34-50-1-6 is applicable in the instant federal case and finds that it is not because § 34-50-1-6 is in direct conflict with Federal Rule 68 when the rejected settlement offer was made by a defendant who obtains a favorable judgment.

The Court's subject matter jurisdiction in this case is predicated upon federal question jurisdiction pursuant to 28 U.S.C. § 1331, and the Court has supplemental jurisdiction over the pendant state law claims pursuant to 28 U.S.C. § 1327. Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 65 (1938), and its progeny, "federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Cntr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *see also Gacek v. Am. Airlines, Inc.*, 614 F.3d 298, 301-302 (7th Cir. 2010). The same is true when, as in this case, a federal court considers state law claims pursuant to 28 U.S.C. § 1367. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Johnson v. Cherry*, 256 F. App'x 1, 3 n. 1 (7th Cir. 2007) (recognizing that the district court had authority to consider the petition for an award of attorney's fees, even to the extent that the entitlement to fees rested on state law, pursuant to the court's supplemental jurisdiction under § 1367(a)); *Timmerman v. Modern Indus., Inc.*, 960 F.2d 692, 696 (7th Cir. 1992); *Sowell v. Domiguez*, No. 2:09-CV-47, 2011 WL 294758, * 3 (N.D. Ind. Jan. 26, 2011).

When both a federal rule and a state law appear to govern a federal court sitting in diversity, or as in this case exercising supplemental jurisdiction, the court first must determine whether the

scope of the federal rule "answers the question in dispute." *Shady Grove Orthopedic Assocs. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010) (citing *Burlington N. R.R. Co. v. Woods*, 480 U.S. 1, 4-5 (1987)). In assessing their scope, the Federal Rules are not to be "narrowly construed in order to avoid a 'direct collision' with state law," but rather given their "plain meaning." *Walker v. Armco Steel Corp.*, 446 U.S. 740, 748-50 & n. 9 (1978); *see also Shady Grove*, 559 U.S. at 406 (explaining that, when construing a Federal Rule, "[w]e cannot contort its text, even to avert a collision with state law that might render it invalid"). If the Federal Rule answers the question in dispute, "it governs . . . unless it exceeds statutory authorization or Congress's rulemaking power" under the Rules Enabling Act. *Shady Grove*, 559 U.S. at 398 (citing *Burlington Northern*, 480 U.S. at 5; *Hanna v. Plumer*, 380 U.S. 460, 463-64 (1965)). Pursuant to the Enabling Act, the federal rules shall "not abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072(b). Nevertheless, courts "do not wade into *Erie*'s murky waters unless the federal rule is inapplicable or invalid." *Shady Grove*, 559 U.S. at 398 (citing *Hanna*, 380 U.S. at 469-71 (recognizing that the Court's prior holdings have been "not that *Erie* commanded displacement of a Federal Rule by an inconsistent state rule, but rather that the scope of the Federal Rule was not as broad as the losing party urged, and therefore, there being no Federal Rule which covered the point in dispute, *Erie* commanded the enforcement of state law").

In this case, Federal Rule of Civil Procedure 68, which governs offers of judgment, is at issue. Federal Rule 68 provides that, if a defendant makes a settlement offer that is rejected and the plaintiff wins a smaller amount at trial, the plaintiff is liable for the costs incurred after the offer was made. *See* Fed. R. Civ. P. 68(d). Thus, the Court must determine if Federal Rule 68 answers the question of whether the Porter Township Defendants can recover attorney's fees, costs, and expenses

following a qualified settlement offer that was rejected by Plaintiffs when final judgment was entered in favor of Defendants. The Court finds that it does. Although the relevant analysis is whether there is a direct collision between Federal Rule 68 and Indiana Code § 34-50-1-6, the Court begins by comparing Federal Rule 68 and Indiana Trial Rule 68, both of which address "offers of judgment."

Both Federal Rule 68 and Indiana Trial Rule 68 apply only to offers made by a defendant and provide that an offeror defendant is entitled to costs incurred after an offer of judgment is made if "the judgment that the offeree finally *obtains* is not more favorable than the unaccepted offer." Fed. R. Civ. P. 68(d) (emphasis added); *see also* Ind. T.R. 68(d) ("If the judgment finally *obtained* by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer."). Based on their plain language, both rules have been held *not* to allow a defendant to recover costs when judgment is entered in the defendant's favor because no judgment was "obtained" by the plaintiff. *See Delta Air Lines v. August*, 450 U.S. 346, 352 (1981) (Federal Rule of Civil Procedure 68);[5] *Ingram v. Key*, 600 N.E.2d 95, 95 (Ind. 1992) (following the United States Supreme Court's decision in *Delta Air Lines* and holding that Indiana Trial Rule 68 does *not* "mandate an award of costs where judgment is for the defendant").

The language of both Federal Rule 68 and Indiana Trial Rule 68 allows for an award of "costs." The United States Supreme Court held that, under Rule 68, which does not have its own definition of "costs," "all costs properly awardable in an action are to be considered within the scope

---

[5] *See also Marx v. Gen. Rev. Corp.*, 133 S.Ct. 1166, 1172 (2013) (recognizing, without discussing, that the Tenth Circuit Court of Appeals cited *Delta Air Lines v. August*, 450 U.S. 346, 352 (1981), explained that "Rule 68 applies only where the district court enters judgment in favor of plaintiff" for less than the amount of the settlement offer and not where the plaintiff loses outright, and concluded that, because the district court had not entered judgment in favor of the plaintiff, costs were not allowed under Rule 68(d)).

of Rule 68 'costs,'" and, thus, "where the underlying statute defines 'costs' to include attorney's fees, . . . such fees are to be included as costs for purposes of Rule 68." *Marek v. Chesny*, 473 U.S. 1, 9, 11 n. 2 (1985). The term "costs" used in Indiana Trial Rule 68 has *generally* been held not to include attorney's fees. *See Hanson v. Valma M. Hanson Revocable Tr.*, 855 N.E.2d 655, 669 (Ind. Ct. App. 2006) (citing *Ingram v. Key*, 600 N.E.2d at 95-96 (summarily affirming court of appeals' holding that attorney's fees are not recoverable as costs under Trial Rule 68); *Muenich v. Gulden*, 579 N.E.2d 665, 666 n. 2 (Ind. Ct. App. 1991)).[6]

However, under *both* Federal Rule 68 and Indiana Trial Rule 68, attorney's fees under § 1988, which allows for an award of attorney's fees to a "prevailing party" in an action brought under § 1983,[7] are included as part of the "costs" covered by the rule. *See Marek*, 473 U.S. at 9 ("Since Congress expressly included attorney's fees as 'costs' available to a plaintiff in a § 1983 suit, such fees are subject to the cost-shifting provision of Rule 68.");[8] *Daffron v. Snyder*, 854 N.E.2d 52, 53, 55-56 (Ind. Ct. App. 2006), *aff'd on rehearing* 856 N.E.2d 1245 (holding that a plaintiff accepting

---

[6] "Costs" under Indiana Trial Rule 68 also do not include litigation costs. *Muenich v. Gulden*, 579 N.E.2d 665, 666 n. 2 (Ind. Ct. App. 1991) (citing *Missi v. CCC Custom Kitchens, Inc.*, 731 N.E.2d 1037, 1039-40 (Ind. Ct. App. 2000)).

[7] As set forth in the prior section, prevailing defendants may be awarded attorney's fees under § 1988 only upon a finding that the plaintiff's claim is "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978).

[8] In *Marek v. Chesny*, the plaintiff rejected an offer of judgment made by defendants and subsequently won a judgment for less than the settlement offer. 473 U.S. 1, 4 (1985). The plaintiff filed a request for costs, including attorney's fees, some of which were incurred after the rejected settlement offer. *Id.* The defendants opposed the claim for post-offer costs, including attorney's fees, under Rule 68. Holding that attorney's fees under § 1988 are part of the costs covered by Rule 68, the Supreme Court held that the defendants were not liable for the costs, including § 1988 attorney's fees, incurred by the plaintiff after their offer of settlement was rejected. *Id.* at 11.
 Subsequently, in a § 1983 case in which the plaintiff obtained a favorable judgment but for less than the Federal Rule 68 offer of judgment made by the defendant, the Seventh Circuit Court of Appeals held that the defendant who made the spurned offer was not a "prevailing party" for purposes of attorney's fees under § 1988 and, thus, was not entitled to an award of attorney's fees as part of the costs to which the defendant was otherwise entitled under Federal Rule 68. *Payne v. Milwaukee Cnty.*, 288 F.3d 1021, 1027 (7th Cir. 2002) ("[D]efendants who make more generous Rule 68 offers than the winning plaintiff wins from a jury are *not* 'prevailing parties.'" (citing *Poteete v. Capital Eng'g, Inc.*, 185 F.3d 804 (7th Cir. 1999)).

a settlement pursuant to an offer of judgment under Trial Rule 68 is a "prevailing party" for purposes of § 1988 and is entitled to an award of attorney's fees if attorney's fees are not explicitly excluded in the agreement). Nevertheless, because both Federal Rule 68 and Indiana Trial Rule 68 do not allow a prevailing defendant to recover costs, *see Delta Air Lines*, 450 U.S. at 352; *Ingram*, 600 N.E.2d at 95, and because summary judgment was entered in Defendants' favor in this case, the Porter Township Defendants would not be able to recover costs (including attorney's fees under § 1988) in this case if the settlement offer had made under either Federal Rule 68 or Indiana Trial Rule 68.

The Court now turns to the comparison of Indiana Code § 34-50-1-6 and Federal Rule 68. In contrast with Indiana Trial Rule 68 and Federal Rule 68, which apply only to offers by defendants, § 34-50-1-6 applies to settlement offers by defendants as well as settlement demands by plaintiffs. *See Hanninen v. Koch*, 868 N.E.2d 1137, 1140 (Ind. Ct. App. 2007). Also in contrast with both rules, an award under § 34-50-1-6 is available to a defendant who wins a defense judgment following trial. In *Hanninen*, the Indiana Court of Appeals affirmed the trial court's award of $1,000 in attorney's fees under § 34-50-1-6 to the defendant following a jury verdict for the defendant. 868 N.E.2d at 1142. This Court has identified two Indiana Verdict and Settlement Summary forms with a listed trial verdict for the defense in which the defendant filed a motion to enforce a qualified settlement offer and the trial judge awarded the requested attorney's fees in the amount of $1,000. *See Wallskog v. Wendy's*, 2009 WL 6464329 (Ind. Super., Lake Cnty.) (Verdict and Settlement Summary) ("Barney Enterprises filed a motion to enforce its qualified settlement offer, seeking $1,000 in attorney's fees. The court entered another judgment Feb. 11, 2010, ordering $1,000 be paid to the defendant's insurance carrier for attorney fees."); *Zachery v. Williams*, 2007

WL 2736131 (Ind. Super. Marion Cnty.) (Verdict and Settlement Summary) ("Following the verdict, Devington filed a motion for $1,000 for attorney fees and costs, in light of the fact the plaintiff refused the settlement offer and ended up with a less favorable jury award.").[9]

The award of attorney's fees under § 34-50-1-6 to a defendant following a defense verdict at trial when the same would not be available under Indiana Trial Rule 68 is consistent with the differences in the wording of the provisions. Section 34-50-1-6 applies when the "final judgment is less favorable" to the offeree, regardless of whether the final judgment is obtained by the offeree or the offeror, whereas Indiana Trial Rule 68 applies to a less favorable "judgment finally *obtained* by the offeree." *See Ingram v. Key*, 594 N.E.2d 477 (Ind. Ct. App. 1992) ("By its terms, T.R. 68 does not apply to situations where the offerer (defendant) has prevailed on the merits."), adopted by *Ingram*, 600 N.E.2d at 96 ("We agree with the Court of Appeals' analysis."); Ind. Code § 34-50-1-6(2) (providing that the court shall award attorney's fees, costs, and expenses to the offeror incurred after the date of the unaccepted qualified settlement offer if "the *final judgment is less favorable to the recipient* than the terms of the qualified settlement offer").

Finally, although attorney's fees under § 34-50-1-6 are awarded to a prevailing defendant following a trial, it is not clear whether such an award of attorney's fees is available when the "final judgment" in favor of a defendant is a ruling on *summary judgment*. The Court has not found any authority on point. In one scholarly article written at the time the Indiana statute was being passed and enacted, a commentator opined on the limited effect the "qualified settlement offer" would have

---

[9] The Court has identified three other Indiana Verdict and Settlement Summary Forms with defense trial verdicts in which a qualified settlement offer is identified as having been made but no request or motion for attorney's fees or award of attorney's fees is noted on the Form. *See Stockton v. Bohnert*, 2012 WL 7748288 (Ind. Cir., Henry Cnty.) (Verdict and Settlement Summary); *C.A. v. Lake Ridge Sch. Corp.*, 2008 WL 5621897 (Ind. Super., Lake Cnty.) (Verdict and Settlement Summary); *Parker v. Kovacs Enters.*, 2007 WL 2736138 (Ind. Super., Marion Cnty.) (Verdict and Settlement Summary).

on litigation in Indiana but also noted that the greatest impact might be seen in questionable claims subject to summary judgment: "*If* these provisions are held to apply to any type of judgment, including summary judgment, defendants may begin to offer minimal, token settlement offers in order to recover some of their attorney's fees, costs, and expenses if the summary judgment is granted." Wirick, Andrew P. and Ann Marie Waldron Piscione, Tort Law Reform (?) and Other Developments in Indiana Tort Law, 29 Ind. L. Rev. 1097, 1104 (1996) (emphasis added). The Court has not identified any reported cases or other commentary since the scholarly article in which § 34-50-1-6 was applied following a summary judgment ruling. For the purpose of the instant preclusion analysis only, the Court assumes without deciding that § 34-50-1-6 applies to a final judgment based on a summary judgment ruling.

Thus, the Court returns to the question of whether Federal Rule 68 and § 34-50-1-6 directly conflict on the issue of an attorney's fees request by a prevailing defendant following a rejected settlement offer. In *S.A. Healy*, the Seventh Circuit Court of Appeals held that a Wisconsin statute allowing for an award of costs to a *plaintiff* following a rejected settlement demand did not conflict with Federal Rule 68 because Federal Rule 68 applies only to an offer by a defendant and does not address a settlement demand made by a plaintiff; thus, there was no inconsistency between the rules. *Id*. at 312.[10] However, the court noted in dicta that the situation would be different if that case had involved a *defendant*'s offer of settlement under the Wisconsin statute because then the Wisconsin statute and Federal Rule 68 would cover the identical issue. 60 F.3d at 311. The only difference the Seventh Circuit identified between the rules was that the Wisconsin statute required that the offer

---

[10] The court rejected any interpretation of Federal Rule 68 as saying "outright that no defendant may be penalized for failing to accept a settlement demand," which would have directly conflicted with the Wisconsin statute that allows for an award of costs to a prevailing plaintiff following a rejected settlement demand. *S.A. Healy Co.*, 60 F.3d at 312.

be made at least 20 days before trial and the federal rule at that time required that it be made only at least 10 days before trial. *Id*. at 311. The court found that the difference was a "sufficient inconsistency to make the state rule give way" since both rules could not be applied in a case in which the offer is made between 10 and 19 days before trial. *Id*. at 311-12.

Similarly, the instant case involves a defendant's offer of settlement, and, like the Wisconsin statute in *S.A. Healy*, Indiana Code § 34-50-1-6 and Federal Rule 68 cover the identical issue because both address a defendant's offer of settlement. Thus, *S.A. Healy* compels the Court to find that the Indiana statute must give way because, like the Wisconsin statute, the Indiana statute requires that the offer of settlement be made more days in advance of trial (30 days) than Federal Rule 68 (14 days). *See* Ind. Code § 34-50-1-2; Fed. R. Civ. P. 68(a). Under *S.A. Healy*, this is a sufficient inconsistency to make the Indiana statute give way because both rules could not be applied if the offer were made in the window between 14 and 29 days. *See* 60 F.3d at 312.

There is an additional "direct collision" between Indiana Code § 34-50-1-6 and Federal Rule 68 not raised by the Seventh Circuit in *S.A. Healy* in its discussion of the Wisconsin statute. As discussed above, Federal Rule 68(d) is not applicable to a prevailing defendant. *Delta Air Lines*, 450 U.S. at 352. In direct contrast, § 34-50-1-6 allows a prevailing defendant to recover attorney's fees, costs, and expenses when the qualified settlement offer is rejected. *See* § 34-50-1-6(a)(2); *Hanninen*, 868 N.E.2d at 1142. Thus, if the Porter Township Defendants, who won a judgment in their favor, had made an offer of judgment under Rule 68, they would not be able to recover costs, yet if the qualified settlement offer had been made in state court, they would be able to recover attorney's fees, costs, and expenses (with a maximum of $1000) for a favorable trial verdict.

Because Indiana courts have interpreted the Indiana statute to allow for what the Seventh Circuit has described as a "sanction" for a rejected settlement offer by a prevailing defendant when the United States Supreme Court has explicitly precluded the same, there is a direct collision, and the federal rule applies. *See Shady Grove*, 559 U.S. at 398, 422; *Walker*, 446 U.S. at 750 ("The first question must therefore be whether the scope of the Federal Rule in fact is sufficiently broad to control the issue before the Court."); *cf. Goldberg v. Pac. Indem. Co.*, 627 F.3d 752, 754-55 (9th Cir. 2010) (holding that Arizona Rule 68, which allows for an award of costs to a prevailing defendant whose offer of judgment was rejected, does not apply in a federal diversity action when judgment is entered in favor of the defendant because it would allow the defendant to recover costs not available under Federal Rule 68); *Gil de Rebollo v. Miami Heat Assocs., Inc.*, 137 F.3d 56, 66 (1st Cir. 1998) (holding that, because Puerto Rico Rule 35.1 was held by the Supreme Court of Puerto Rico to apply to a prevailing defendant whereas Federal Rule 68 does not, the application of the two rules would cause different results and, thus, the rules are in direct collision even though they are not "perfectly coextensive").[11] Because there is a direct conflict, the Court need not undertake an *Erie* analysis. *Shady Grove*, 559 U.S. at 398. Attorney's fees under Indiana Code § 34-50-1-6 are not available in this proceeding.

---

[11] In *Menchise v. Akerman Senterfitt*, the Eleventh Circuit Court of Appeals held that, in an action governed by Florida law, the Florida statute governing an offer of settlement was *not* preempted by Rule 68 even though it allowed an award of attorney's fees to a prevailing defendant, reasoning that there was no direct conflict because the Florida statute allows for attorney's fees and costs whereas Rule 68 only allows for costs. 532 F.3d 1146, 1152 (11th Cir. 2008). The Eleventh Circuit also distinguished between "settlement offers" in the Florida statute and "offers of judgment" in Federal Rule 68. *Id.*

The Court finds the reasoning in *Menchise* unpersuasive. First, as to the distinction between "attorney's fees" and "costs," the distinction is without a difference under the reasoning in *S.A. Healy*. In *S.A. Healy*, the Seventh Circuit Court of Appeals treated both the Wisconsin statute's award of "costs" and "interest" as well as Rule 68 "costs" as a "sanction." 60 F.3d 308. Thus, as discussed above, although the Indiana statute in this case, like the Florida statute in *Menchise*, allows for an award of "attorney's fees," those attorney's fees are simply another form of "sanction." Second, the differentiation in *Menchise* between "settlement offers" and "offers of judgment" was not raised by the Seventh Circuit in *S.A. Healy*, which also concerned a state statute allowing for "settlement offers" compared to "offers of judgment" in Federal Rule 68. *See* 60 F.3d at 311-12.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS in part** and **DENIES in part** Porter Township School Corporation and Boone Grove Middle School's Motion for Attorney Fees [DE 43]. The Court **ORDERS** the Porter Township Defendants to **FILE** on or before **November 18, 2013**, a Supplemental Affidavit and supporting documentation setting forth the attorney's fees incurred by the Porter Township Defendants in responding to Plaintiffs' May 28, 2013 Motion for Relief from Judgment.

SO ORDERED this 4th day of November, 2013.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record