UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| D.S. b/n/f George M. Stahl & Debbie Lynn Stahl, GEORGE M. STAHL, and DEBBIE LYNN STAHL, Plaintiffs, | ) ) ) ) ) |
| v. | ) CAUSE NO.: 2:11-CV-431-PRC ) |
| EAST PORTER COUNTY SCHOOL CORPORATION, PORTER TOWNSHIP SCHOOL CORPORATION, MORGAN TOWNSHIP MIDDLE/HIGH SCHOOL, and BOONE GROVE MIDDLE SCHOOL, Defendants. | ) ) ) ) ) ) ) ) |

## OPINION AND ORDER

This matter is before the Court on Porter Township School Corporation and Boone Grove Middle School's Motion for Attorney Fees [DE 43], filed by Defendants Porter Township School Corporation and Boone Grove Middle School (collectively, the "Porter Township Defendants") on May 29, 2013, and a Supplemental Affidavit of Attorney's Fees [DE 53], filed by the Porter Township Defendants on November 12, 2013.

In the Motion for Attorney Fees, Defendants sought an award of attorney's fees under Indiana Code § 34-50-1-2 and 42 U.S.C. § 1988. On November 4, 2013, the Court granted in part and denied in part the motion, denying attorney's fees sought under Indiana Code § 34-50-1-2 but granting attorney's fees sought under 42 U.S.C. § 1988. The Court recognized that an award of reasonable attorney's fees under § 1988 is calculated by the lodestar method, which multiplies the hours reasonably expended by the hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Johnson v. GDF, Inc.*, 668 F.3d 927, 929-30 (7th Cir. 2012). A court may then adjust the lodestar

calculation either up or down depending on several factors, such as the degree of success, the novelty and difficulty of the issues, and awards in similar cases.

In the November 4, 2013 Opinion, the Court found a total of 20 hours at the hourly rate of $150 should be awarded to the Porter Township Defendants incurred through the date of that May 29, 2013 motion, and further granted the request for attorney fees incurred in responding to Plaintiffs' Motion for Relief from Judgment, which was filed on May 28, 2013. The Court ordered the Porter Township Defendants to file a Supplemental Affidavit with supporting documentation itemizing the time spent in drafting its response to the Motion for Relief from Judgment. The Porter Township Defendants filed the Supplemental Affidavit on November 12, 2013.

However, on November 14, 2013, Plaintiffs filed a Notice of Appeal, appealing, among other rulings, the Opinion and Order on the motion for summary judgment brought by the Porter Township Defendants [DE 34], the Final Judgment entered against Plaintiffs in favor of the Porter Township Defendants [DE 35], the Opinion and Order denying Plaintiffs' Motion for Relief from Final Judgment [DE 51], and the Opinion and Order granting in part and denying in part the Porter Township Defendants' Motion for Attorney Fees [DE 52]. Plaintiffs have not filed a response to the Porter Township Defendants' November 12, 2013 Supplemental Affidavit.

When a party appeals the judgment in a case, a district court retains jurisdiction over a motion for attorney fees when the motion for attorney fees is ancillary to the issue on appeal. *Matthews v. Wisconsin Energy Corp., Inc.*, No. 05-CV-537, 2010 WL 3910298, at *1 (E.D. Wis. Oct. 4, 2010) (citing *Kusay v. United States*, 62 F.3d 192, 194 (7th Cir. 1995) ("A district court therefore may award attorneys' fees while the merits are on appeal."); *Wilson v. O'Leary*, 895 F.2d 378, 382 (7th Cir. 1990) ("District judges retain authority over questions not presented by the appeal

and may take steps that do not present risks of duplicative action.")). Moreover, an "appeal may be taken from an award of attorneys' fees only after that award is independently final–which means, *after the district judge had decided how much must be paid.*" *McCarter v. Ret. Plan for Dist. Managers of Am. Family Ins. Grp.*, 540 F.3d 649, 654 (7th Cir. 2008) (emphasis added) (relying on the Supreme Court's ruling in *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 43-51 (1995), which the *McCarter* court characterizes as having "[thrown] cold water on pendant appellate jurisdiction" with its ruling that resolving appeals from non-final decisions is incompatible with 28 U.S.C. § 1291 and unnecessary in light of the judiciary's authority to adopt rules allowing interlocutory appeals under 28 U.S.C. § 1292(e)); *see also Tradesman Int'l Inc. v. Black*, 724 F.3d 1004, 1007, 1011 (7th Cir. 2013) (citing *McCarter* to find that the court had jurisdiction to hear the appeal of the attorney fee award when the request for an attorney fee award had been denied).

In this case, this Court has not yet decided the final amount of attorney to fees to be paid. Therefore, it appears that the Court of Appeals does not have jurisdiction to hear Plaintiffs' appeal of this Court's November 4, 2013 Opinion and Order at docket entry 52.

Nevertheless, because the appellate docket shows that briefing of the appeal has been suspended under Circuit Rule 33 (which suggests that the parties may be involved in settlement negotiations) and until the Court of Appeals issues a ruling that it does not have jurisdiction to hear the appeal of the award of attorney fees because the final amount has not be determined, the Court hereby **WITHHOLDS** entering an order for an award of attorney fees, if any, until the resolution of the appellate proceedings. The Porter Township Defendants are **ORDERED** to file a notice with the Court regarding the resolution of the attorney fee issue on appeal and whether further

3

proceedings regarding an award of attorney fees is necessary, following resolution of the issue before the appellate court.

SO ORDERED this 30th day of January, 2014.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record